[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13240
Non-Argument Calendar
_____

D. C. Docket No. 03-00048-CR-1-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OMAR GARCIA VAZQUEZ-CASARES,
a.k.a. 103M19-03,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 16, 2007)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Omar Garcia Vazquez-Casares appeals his 211-month sentence for

conspiracy to distribute and possess with intent to distribute more than 50 grams of

methamphetamine and more than 500 grams of a mixture and substance containing methamphetamine. Vazquez-Casares argues that the district court clearly erred in imposing a two-level leadership-role enhancement under U.S.S.G. § 3B1.1(c). Vazquez-Casares contends that the district clearly erred in finding a government witness's testimony supporting the enhancement as credible,[1] and that moreover, with or without this witness, the evidence was insufficient to support the enhancement. Vazquez-Casares also argues that the district court imposed an unreasonable sentence because it failed to consider properly the factors under 18 U.S.C. § 3553(a).

Section 3B1.1(c) of the Sentencing Guidelines allows the district court to increase a defendant's base offense level by two levels if he was "an organizer, leader, manager, or supervisor in any criminal activity . . . ." U.S.S.G. § 3B1.1(c). In this case, the district court did not clearly err by imposing the Section 3B1.1(c) enhancement, because the evidence supports that Vazquez-Casares asserted control and influence over a co-conspirator and recruited and arranged for the co-conspirator to deliver drugs for him. See United States v. Ramirez, 426 F.3d 1344, 1355 (11th Cir. 2005) (discussing standard of review and factors a district court

---

[1] Because Vazquez-Casares has not presented sufficient evidence to overcome the great deference we afford the credibility determinations by the trier-of-fact, we do not find that the district court erred in concluding that the government witness's testimony was credible. See United States v. McPhee, 336 F.3d 1269, 1275 (11th Cir. 2003).

2

may consider in imposing this enhancement).

We also conclude that the district court imposed a reasonable sentence. The court specifically considered Vazquez-Casares's argument for a sentence below his applicable guideline range based on his personal history and the nature of the offense. 18 U.S.C. § 3553(a)(1). Furthermore, the court considered the available sentences and consulted the Guidelines, which it noted were advisory. 18 U.S.C. § 3553(a)(3) and (4). The court sentenced Vazquez-Casares within the applicable guideline range, which carries an expectation of reasonableness. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Although the court did not discuss all the factors listed in Section 3553(a), sentencing courts are not required to specifically mention each factor. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Accordingly, because the district court considered the § 3553(a) factors and Vazquez-Casares's arguments, we conclude that his sentence was reasonable.[2]

**AFFIRMED.**

---

[2] Vazquez-Casares also argues that the district court violated his Sixth Amendment rights when it sentenced him based on a quantity of drugs that was greater than the amount found by the jury. However, there was no constitutional error in the district court's use of extra-verdict enhancements because it applied the guidelines as advisory. United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005).